DOCUMENT 1

FILED
2026-Mar-31 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

ELECTRONICALLY FILED
2/23/2026 9:33 PM
47-CV-2026-900341.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number: 47<br>Date of Filing: 02/23/2026<br>Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**JARATAN FLETCHER v. INNOVIS DATA SOLUTIONS, INC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** P ☐ **APPEAL FROM PROBATE COURT**
A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
COL184

2/23/2026 9:33:48 PM
Date

/s/ ALUKO COLLINS SR.
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

IN THE CIRCUIT COURT OF MADISON COUNTY

ELECTRONICALLY FILED
2/23/2026 9:33 PM
47-CV-2026-900341.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**Jaratan Fletcher,**

*Plaintiff,*

v.

**Innovis Data Solutions, Inc.,**

*Defendant.*

Case No: ______

## COMPLAINT

COMES NOW the Plaintiff, Jaratan Fletcher, ("Plaintiff"), by and through his attorney, The Collins Firm, LLC, and complains of the Defendant, Innovis Data Solutions, Inc. ("Innovis"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action against Innovis for violations of the Fair Credit Reporting Act, 15U.S.C. § 1681, *et. seq*. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.
3. Innovis is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.
4. Venue is proper because the acts complained of were committed and / or caused by the Defendant within Madison County.

## PARTIES

5. Jaratan Fletcher is a natural person residing in Madison County, Alabama.

6. Jaratan Fletcher (Plaintiff) is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7. Innovis is a Missouri corporation, with a primary business address of 250 E Broad Street Columbus, Ohio 43215.

8. Innovis is registered to conduct business as a foreign corporation in the State of Alabama, where its Registered Agent is Corporate Service Company INC 641 South Lawrence Street, Montgomery, Al 36104.

9. Innovis is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Innovis is aware of its obligations under the FCRA.

## INTRODUCTION

10. This case arises from Innovis's failure to provide Plaintiff with a full, clear, and complete disclosure of the information contained in Plaintiff's consumer file, as required by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a).

11. A consumer disclosure is the gateway to every other right provided by the FCRA. Without a complete and intelligible disclosure of the contents the file, a consumer cannot meaningfully evaluate the accuracy of reported information, identify the source of alleged

debts, or exercise their statutory right to dispute inaccurate or incomplete reporting. In other words, a consumer must first receive a complete file before the accuracy of that file can even be assessed.

12. Here, Innovis's disclosure to Plaintiff was fundamentally deficient. The disclosure omitted full account numbers and contained incomplete payment and balance histories.

13. These omissions deprived Plaintiff of the basic information necessary to understand what was being reported about them, determine whether accounts belonged to them, and assess whether the data being furnished was accurate.

14. By providing an incomplete and misleading disclosure, Innovis placed Plaintiff in an impossible position, expected to dispute inaccuracies without being given the information necessary to identify or evaluate those inaccuracies. This conduct frustrated the core purpose of § 1681g, caused Plaintiff confusion, distress, and wasted time, and prevented Plaintiff from meaningfully exercising their rights under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiffs' Consumer Disclosures

15. Plaintiff requested a copy of his consumer credit disclosure from Innovis. Innovis provided that disclosure on January 26, 2026.

16. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Innovis was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that her Social Security number could be truncated upon request.

17. Despite its obligation under 15 U.S.C. § 1681g(a) to disclose all information in Plaintiff's credit file at the time of her request, Innovis's Disclosure omitted substantial and critical information. Specifically, the tradelines were missing complete and accurate

payment histories, detailed balance histories, and trended data showing how the balances and payments evolved over time.

18. In addition, Innovis failed to disclose the full account numbers associated with these tradelines, further impeding Plaintiff's ability to understand or verify the accuracy of the data reported.

**SEE PLAINTIFF'S EXHIBIT A.**

19. Upon information and belief, the data furnishers provided Innovis with full account numbers, complete balance histories, and payment information at the time of reporting, and this information existed in Innovis's internal file when Plaintiff requested his disclosure.

20. When Innovis compiles and furnishes consumer reports to third parties, those reports include the complete account numbers and more detailed balance and payment information, demonstrating that Innovis maintains access to this data and selectively omits it in disclosures to consumers

21. Innovis's ability to furnish this more complete information to third parties underscores that it has the capability to comply with its obligations under § 1681g(a) to disclose the full contents of its file to the consumer upon request.

22. Innovis had a duty to disclose all information contained in Plaintiff's file, including the full account numbers and comprehensive payment and balance histories. Its failure to do so breached this duty and deprived Plaintiff of the essential information needed to understand, research, and dispute the contents of his file.

23. Without access to this critical information, Plaintiff was forced to speculate as to which accounts were being reported, undermining his ability to evaluate or correct potential inaccuracies. A consumer should not be placed in the position of playing detective in an effort to verify the data held by a consumer reporting agency. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and

of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

24. The lack of accurate, full account numbers, and detailed balance and payment history caused Plaintiff great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

25. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

26. Innovis's omission of the and full account numbers, payment history and balance history, greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

## COUNT I <u>VIOLATIONS 15 U.S.C. § 1681g(a)(1)</u>

27. Plaintiff adopts and incorporates paragraphs 1 –26 as if fully stated herein.

28. Innovis violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in his file at the time of the request. Specifically, Innovis disclosed accounts without disclosing the full account number, payment history or balance history. Even though this data was reported by the data furnishers.

29. Innovis knowingly provided inaccurate and incomplete information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

30. Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

31. Alternatively, Innovis's conduct was negligent, and Innovis is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus attorneys' fees and costs.

**COUNT II VIOLATIONS 15 U.S.C. § 1681e(b)**

32. Plaintiff adopts and incorporates paragraphs 1-31 as if fully stated herein.

33. Innovis failed to follow reasonable procedures to assure maximum possible accuracy of the information it included in Plaintiff's consumer credit disclosures, as required by 15 U.S.C. § 1681e(b).

34. Innovis included inaccurate, incomplete, and misleading payment history, balance history, and other information in Plaintiff's credit file.

35. These inaccuracies were not isolated, technical errors but reflected systemic problems in Innovis's reporting system which it has known about for years, as evidenced by prior litigation and industry guidance.

36. Innovis's procedures were not reasonably tailored to ensure the completeness and accuracy of the information it reported about Plaintiff, especially after receiving disputes challenging the incorrect and incomplete reporting.

37. As a result of Innovis's willful or negligent failure follow reasonable procedures, Plaintiff suffered actual damages, including emotional distress and time spent disputing. Innovis is liable for actual damages, statutory damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,** Plaintiff respectfully requests that the Honorable Court enter judgment against Innovis for:

a. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that the Court deems just and proper.

Respectfully submitted on February 23, 2025, by:

THE COLLINS FIRM, LLC

/s/Aluko Collins Sr
Aluko Collins Sr.
(ASB-4704-P14P)
Attorney for Plaintiff

OF COUNSEL:

The Collins Firm, LLC
401 Madison Street
Huntsville, Alabama 35801
Telephone: (938) 233-6440
acollins@thecollinsfirmlegal.com

**Serve defendant via certified mail at the following address:**

**Innovis Data Solutions, Inc.**

c/o CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

DOCUMENT 3

# Exhibit A

ELECTRONICALLY FILED
2/23/2026 9:33 PM
47-CV-2026-900341.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

innovis

**ONEMAIN:** Individual Secured

*Account#:...6654 Account information as of 03/20/2025*

**NEGATIVE**

| | | | |
|---|---|---|---|
| **Account Status:** | Charge off | **Balance:** | $0 |
| **Date Opened:** | 02/26/2021 | **Orig Charge Off Amt:** | $18,120 |
| **Date Closed:** | 03/20/2025 | **Last Payment Date:** | 06/10/2022 |
| **Date Last Reported:** | 03/31/2025 | **High Balance:** | $17,493 |
| **Terms Duration:** | 60 | | |

**Narrative(s)**
Purchased by another lender

**Portfolio Sold To:** Jefferson Capital Systems

**Creditor Contact Info:**

ONEMAIN
PO BOX 3327
EVANSVILLE, IN 47732
(844) 298-9773

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | | | |
| 2021 | | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| 2022 | OK | OK | OK | OK | OK | OK | 30 | 60 | 90 | 120 | 150 | CH |
| 2023 | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH |
| 2024 | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH |
| 2025 | CH | CH | | | | | | | | | | |

We estimate this account will be removed from your report in:
**04/2029**

Date of First Delinquency:
**07/10/2022**

Does not show balance history

[redacted]

[redacted]

innovis

**WELLS FARGO CARD SERV:** Individual Charge Account

*Account#:...0290 Account information as of 12/31/2025*

**NEGATIVE**

| | | | |
|---|---|---|---|
| **Account Status:** | Charge off | **Balance:** | $704 |
| **Date Opened:** | 10/03/2020 | **Past Due Amt:** | $704 |
| **Date Closed:** | 02/24/2023 | **Orig Charge Off Amt:** | $704 |
| **Date Last Reported:** | 12/31/2025 | **Last Payment Date:** | 03/08/2023 |
| **Terms Duration:** | NA | **High Balance:** | $704 |
| **Credit Limit:** | $400 | | |

**Creditor Contact Info:**

WELLS FARGO CARD SERV
PO BOX 393
MINNEAPOLIS, MN 55480
(855) 854-3502

**Narrative(s)**
Closed-credit grantors request

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2018 | | | | | | | | | | | | |
| 2019 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | OK | OK | OK |
| 2021 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| 2022 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| 2023 | 30 | 60 | OK | OK | 30 | 60 | 90 | 120 | 150 | CH | CH | CH |
| 2024 | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH |
| 2025 | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | CH | |

We estimate this account will be removed from your report in:
**01/2030**

Date of First Delinquency:
**04/27/2023**

Does not show balance history

## INQUIRIES

**Requests Others Can See:**

This section lists businesses that have viewed your credit report. These requests may have been viewed by a company accessing your credit report and creditors may have used them in evaluating your creditworthiness.

We have no record of recent requests for your credit file.

**Requests Only You Can See:**

This section lists businesses that have viewed your credit report. You may not have initiated these transactions and may not recognize the parties' names. We also record inquiries when you request a copy of your file from Innovis. Only you can see this record of requests, and we do not include these requests on credit reports to others.

Business: Lexisnexis/Certegy Payment Sol
17757 Us Highway 19 N Clearwater, FL 33764
(727) 556-9000

Date Requested: 12/13/2025

Business: Sagestream, Llc/American Credi
961 East Main St Spartanburg, SC 29302
(866) 441-0251

Date Requested: 12/15/2025

Business: Lexisnexis/American Credit Acc
961 E Main St Fl 2nd Spartanburg, SC 29302
(864) 504-3700

Date Requested: 12/15/2025

Business: Halsted Financial Services Llc
8001 N Lincoln Ave Ste Ll2 Skokie, IL 60077
(847) 679-2376

ELECTRONICALLY FILED
2/23/2026 9:33 PM
47-CV-2026-900341.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

**EXHIBIT B**
**FTC Opinion Letter**

**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

AlaFile E-Notice

47-CV-2026-900341.00

To: INNOVIS DATA SOLUTIONS, INC.
C/O CORP SERVICE CO. INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

JARATAN FLETCHER V. INNOVIS DATA SOLUTIONS, INC.
47-CV-2026-900341.00

The following complaint was FILED on 2/23/2026 9:33:53 PM

Notice Date: 2/23/2026 9:33:53 PM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
MADISON COUNTY, ALABAMA
HUNTSVILLE, AL, 35801

256-532-3390

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS<br>- CIVIL -** | **Court Case Number**<br>47-CV-2026-900341.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA COUNTY, ALABAMA**
**JARATAN FLETCHER V. INNOVIS DATA SOLUTIONS, INC.**

Acct

**NOTICE TO:** INNOVIS DATA SOLUTIONS, INC., C/O CORP SERVICE CO. INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALUKO COLLINS SR. ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 401 Madison Street SE, huntsville, AL 35801 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JARATAN FLETCHER *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

02/23/2026 *(Date)* — /s/ DEBRA KIZER *(Signature of Clerk)* — By: KC *(Name)*

☑ Certified Mail is hereby requested. /s/ ALUKO COLLINS SR. *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* ________ *(Server's Signature)* ________ *(Address of Server)* ________

*(Badge or Precinct Number of Sheriff or Constable)* ________ *(Server's Printed Name)* ________

*(Badge or Precinct Number of Sheriff or Constable)* ________ *(Telephone Number of Designated Process Server)* ________

DEBRA KIZER, CIRCUIT CLERK
CIRCUIT COURT DIVISION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820

CERTIFIED MAIL®

9589 0710 5270 3788 9881 54

US POSTAGE IMI PITNEY BOWES

ZIP 35801 $ 011.87⁰
02 7W
0008040501 FEB 24 2026

INNOVIS NOTICE OF REMOVAL
EXHIBIT A